NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAVERLY SCOTT KAFFAGA, as Executor of The Estate of Elaine Anderson Steinbeck; BAHAR KAFFAGA, as Executor of The Estate of Elaine Anderson Steinbeck, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> GAIL KNIGHT STEINBECK, <br><br> Defendant - Appellant, <br><br> and <br><br> THOMAS STEINBECK, PALLADIN GROUP INC., <br><br> Defendants. | No. 25-2497 <br><br> D.C. No. 2:14-cv-08699-TJH-FFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted March 31, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD, BENNETT, and BADE, Circuit Judges.

Appellant Gail Knight Steinbeck appeals *pro se* the district court's order denying both her Motion to Modify the Assignment Order and her Second Renewed Motion for an Order Permitting the Sale of Assets to Satisfy the Judgment. Because the parties are familiar with the facts, we do not recount them here. Generally, "[w]e review the [district] court's legal conclusions de novo and its factual findings for clear error." *See Stevedoring Serv. of Am. v. Ancora Transp., N.V.*, 59 F.3d 879, 883 (9th Cir. 1995). We apply the applicable standard of review under state law for judgment enforcement procedures incorporated under Federal Rule of Civil Procedure 69(a)(1). *See Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 995, 999 (9th Cir. 2014); *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). California courts typically review orders issued under Cal. Civ. Proc. Code § 708.510(a) for an abuse of discretion, *see Est. of Kempton v. Kinney*, 308 Cal. Rptr. 3d 249, 262–63 (Ct. App. 2023); *Mintz v. Denis*, No. B331529, 2024 WL 4614878 (Cal. Ct. App. Oct. 30, 2024), and so we review the court's denial of Appellant's Motion to Modify the Assignment Order for an abuse of discretion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in denying Appellant's Motion to Modify the Assignment Order. The procedure governing enforcement

of a money judgment generally must accord with the procedure of the state where the court is located. *See* Fed. R. Civ. P. 69(a)(1). Here, sections 708.510 and 708.560 of the California Code of Civil Procedure constitute the relevant state law. Section 708.560 requires the court to modify an assignment order "upon a showing that there has been a material change in circumstances since the time of the previous hearing on the assignment order." Cal. Civ. Proc. Code § 708.560(b). Section 708.510 provides that to secure satisfaction of a money judgment, a "court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due," including, among other types of payments, "[r]oyalties" and "[p]ayments due from a patent or copyright." Cal. Civ. Proc. Code § 708.510(a). In determining whether to order an assignment, "the court may take into consideration all relevant factors," including "[t]he reasonable requirements of [the] judgment debtor" and "[t]he amount remaining due on the money judgment." Cal. Civ. Proc. Code § 708.510(c).

Appellant contends that the district court erred by considering her Social Security and VA benefits in determining the amount of income necessary to support her "reasonable requirements." Reading the statutory language of section 708.510, the court is given broad discretion and is not required to consider any specific factor in determining the assignment amount; "the court may take into consideration all relevant factors," including the "reasonable requirements of a

judgment debtor." Cal. Civ. Proc. Code § 708.510(c); s*ee also Hellmich v. Mastiff Contracting, LLC*, No. 8:14-cv-01354, 2017 WL 10607255, at \*2 (C.D. Cal. Jan. 10, 2017) ("A court has 'broad discretion' to decide whether to order an assignment and in fixing the amount of an assignment."); *Kelly v. Hickman*, No. 3:22-mc-00296, 2024 WL 3596855, at \*1 (S.D. Cal. July 30, 2024) (same), *report and recommendation adopted*, 2024 WL 3997066 (S.D. Cal. Aug. 29, 2024).

Section 708.510 does not expressly state what sources of income may or may not factor into the "reasonable requirements" determination, but we may infer the proper sources for consideration from a related provision in California's statutory scheme for enforcement of a money judgment. *See L.A. Cnty. Bd. of Supervisors v. Superior Court*, 386 P.3d 773, 778 (Cal. 2016) ("We interpret relevant terms in light of their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme to determine what interpretation best advances the Legislature's underlying purpose."); *Lungren v. Deukmejian*, 755 P.2d 299, 304 (Cal. 1988) ("The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible.").

Section 703.115 provides that, "[i]n determining an exemption based upon the needs of the judgment debtor . . . , the court shall take into account all property of

the judgment debtor . . . , whether or not such property is subject to enforcement of the money judgment." Cal. Civ. Proc. Code § 703.115. Although section 703.115 does not apply directly to the determination of the amount to be reserved for the debtor's "reasonable requirements" under section 708.510, the underlying concern addressed by these two statutory provisions is the same: "to insure that regardless of the debtor's improvidence, the debtor and his or her family will retain enough money to maintain a basic standard of living, so that the debtor may have a fair chance to remain a productive member of the community." *Barnhill v. Robert Saunders & Co.*, 177 Cal. Rptr. 803, 806 (Ct. App. 1981); *accord FDIC v. Hyun*, No. 5:12-cv-04749, 2016 WL 7212311, at *2–3 (N.D. Cal. Dec. 13, 2016). Thus, reading section 708.510 in light of section 703.115, the district court properly considered Appellant's various income sources and expenses. And the district court did not abuse its discretion by reserving for Appellant "$62,685.36 annually" under the Assignment Order, an amount which is consistent with publicly available estimates of the minimum annual income to cover necessary expenses for one adult with no children living in Los Angeles County. *See* Amy K. Glasmeier & Mass. Inst. of Tech., *Living Wage Calculation for Los Angeles County, California*, Living Wage Calculator (Feb. 15, 2026), https://livingwage.mit.edu/counties/06037 [https://perma.cc/9WLA-R95P] ("$60,161"). Appellant has not affirmatively shown that her particular circumstances require more than this amount.

2. We reject Appellant's argument that the Assignment Order has "made it impossible for [her] to ever pay off the judgment." The Assignment Order states that its purpose is "the satisfaction of the judgment." *Accord* Cal. Civ. Proc. Code § 708.510(d) ("A right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the money judgment."). The assigned royalties will continually reduce the amount Appellant owes under the judgment until no amount is left outstanding, at which point the Assignment Order will terminate by operation of law. Moreover, the district court indicated a willingness to terminate the assignment prior to full satisfaction "[i]f, in the future, [Appellant] is able to reach an agreement with a buyer for her share of [John] Steinbeck's works." Thus, the Assignment Order does not hinder Appellant's ability to satisfy the judgment.

3. The district court did not err in denying Appellant's Second Renewed Motion for an Order Permitting the Sale of Assets to Satisfy the Judgment and requiring Appellant to put forward a binding agreement before approving a sale of her copyright interests. First, contrary to Appellant's argument, the district court did not expressly instruct Appellant to provide a term sheet in any of its prior orders. In the order entered on February 17, 2022, the district court informed Appellant that "[it] will not approve a sale of her assets if it does not know the terms of the proposed sale." In its August 24, 2022 order, the district court noted that because Appellant had not finalized the terms of the sale, it was premature for

6                                                                        25-2497

the court to approve the sale. The court also explained that it would "not approve the sale without [Appellee] having an opportunity to review the terms of the sale and an opportunity to submit his opposition, if any, to the terms or to the buyer." Thus, the district court clearly stated that it would not approve any sale without reviewing the finalized terms, and that a term sheet with only non-binding terms was insufficient.

Second, even if it is customary for commercial parties to agree to a non-binding term sheet before negotiating final terms, that practice did not require the district court to approve Appellant's sale of her assets based on a non-binding term sheet alone. Given the immediate and potentially irreversible effect that an approval order would have, it was not erroneous for the district court to require more certainty about the nature of the transaction.

Third, the district court's actions regarding Appellant's requests for documents were reasonable. Appellant made one motion requesting certain licensing agreements that she asserted were necessary to "allow [the] prospective purchaser to complete its due diligence." In its order on this motion, the district court noted that "neither [party] submitted their own declaration in support of, or in opposition to, the instant motion," but instead "their respective counsel each submitted their own declarations, and those declarations were replete with multiple layers of hearsay." The district court reasonably determined that, without more

7                                                                    25-2497

reliable evidence in the record, it could not conclusively resolve whether Appellant and her potential buyer were entitled to access the requested documents. Moreover, even though the district court denied Appellant's request, it did so in part based on Appellee's offer to provide Appellant's counsel with a summary of the relevant financial terms in the requested agreements, and the district court also expressly invited Appellant to "seek a further order from the Court" in the event that this summary was either insufficient for Appellant's needs or was worth revealing to her potential buyer. Appellant never filed a formal motion to compel production of such documents.

4. We do not consider Appellant's argument that the amount of accumulated post-judgment interest is inequitable, as that issue is not properly before us. Our jurisdiction under 28 U.S.C. § 1291 is limited to review of the final judgment or order specified in the notice of appeal as well as any orders that merge into the designated order. *See* Fed. R. App. P. 3(c)(4); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070–71 (9th Cir. 2012). The notice of appeal in this case specifies that an appeal is being taken of the order entered on March 12, 2025. The district court did not address the propriety of post-judgment interest in the March 12, 2025 order or in any orders that merged into that order. Accordingly, this issue is beyond the scope of the present appeal.

25-2497

**AFFIRMED.**[1]

_____

[1] Appellee's motion to seal portions of the supplemental excerpt of record, Dkt. No. 35, is granted.  All other pending motions are denied as moot.